# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ALBERT ADEFEMI | * | CIVIL ACTION NO. 05-1861 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALEZ, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for an Emergency Stay of the Order of Deportation (Document No. 18) filed by Petitioner, Albert Adefemi ("Adefemi"). For reasons stated below, it is recommended that Adefemi's motion be **DISMISSED without prejudice.**

## BACKGROUND

Adefemi, a citizen of Nigeria, entered the United States without inspection in 1977 and became a permanent resident in 1999. In November 1993, the United States Immigration and Naturalization Service (now the United States Bureau of Immigration and Customs Enforcement ("ICE")) detained Adefemi following his conviction for two theft offenses. In 1999, after several immigration hearings and challenges to his eligibility for deportation, ICE added another basis for Adefemi's deportation: a 1991 citation for carrying a concealed firearm. In December 2000, the Board of Immigration Appeals ("BIA") denied Adefemi's appeal and entered a final removal order. The United States Court of Appeals for the Eleventh Circuit, in a decision in September 2004, affirmed the BIA's finding.

On October 24, 2005, Adefemi filed a Petition for *Habeas Corpus* in this Court challenging his post-removal-order detention. According to Adefemi, his detention has exceeded the "reasonably necessary" six-month period established in *Zadvydas v. Davis*, 533 U.S. 678

(2001), and there is no likelihood of his removal from the United States within the reasonably foreseeable future. On January 12, 2006, Adefemi filed the present motion to stay his removal.

**LAW AND ANALYSIS**

The REAL ID Act, signed by the President on May 11, 2005, divested the federal district courts of jurisdiction to review challenges to removal orders. REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (codified at 8 U.S.C. § 1252 (2005)). Under the Act, all challenges pending before a district court as of the date of its enactment were to be transferred to the circuit court of appeals for the judicial district in which the immigration judge completed the proceedings. *See Id.* at § 106(c). After that date, the federal district courts lacked jurisdiction over challenges to removal orders. 8 U.S.C. § 1252(a)(2) (1999 & Supp. 2005). This divestment of jurisdiction extends beyond substantive challenges to removal orders, and it also applies to "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." *Id.* at § 106(a)(2) (amending 8 U.S.C. § 1252(b)(9)). The only claims unaffected by the REAL ID Act are those independently challenging post-removal-order detention. H.R. Rep. No. 109-72, at 2873 (May 3, 2005). Petitioners seeking to directly challenge removal orders and raise other related claims must "file[] [their petitions] in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2) (1999 & Supp. 2005).

Because Adefemi's *habeas corpus* petition is currently pending before this Court, he seeks an emergency stay of the final removal order that the BIA entered against him and that the Eleventh Circuit affirmed. As stated above, though, this Court lacks jurisdiction to hear Adefemi's claim, and because this case arose after the enactment of the REAL ID Act, this Court

can only dismiss Adefemi's stay request. The Eleventh Circuit is the appropriate venue for Adefemi's motion.

For the reasons stated above, it is recommended that the petitioner's Motion for an Emergency Stay of the Order of Deportation be **DISMISSED without prejudice for lack of subject matter jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE