# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| ALBERT ADEFEMI | * | CIVIL ACTION NO. 05-1861 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a Petition and an Amended Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. Nos. 1 and 7) and an Emergency Motion for Preliminary Injunction Pursuant to 28 U.S.C. § 1657 (Doc. No. 9) filed by *pro se* petitioner, Albert Adefemi ("Adefemi"). Petitioner's motion for a preliminary injunction reasserts the claims raised in his *habeas corpus* petition. Therefore, the motions will be considered together. The Government has filed a response to Adefemi's *habeas corpus* petition. (Doc. No. 22). Adefemi opposed the response (Doc. No. 26). For reasons stated below, it is recommended that Adefemi's petition and amended petition be **DISMISSED without prejudice**, and that his motion for a preliminary injunction be **DENIED.**

## BACKGROUND

Adefemi, a citizen of Nigeria, entered the United States without inspection in 1977 and became a permanent resident in 1999. In November 1993, the United States Immigration and Naturalization Service (now the United States Bureau of Immigration and Customs Enforcement ("ICE")) detained Adefemi following his conviction for two theft offenses. In 1999, after several immigration hearings and challenges to his eligibility for deportation, ICE added another basis for Adefemi's deportation: a 1991 citation for carrying a concealed firearm. In December 2000, the Board of Immigration Appeals ("BIA") denied Adefemi's appeal and entered a final removal order. The United States Court of Appeals for the Eleventh Circuit, in a decision in September

2004, affirmed the BIA's finding. *See Adefemi v. Ashcroft*, 386 F.3d 1022 (11th Cir. 2004).

On October 24, 2005, Adefemi filed a Petition for *Habeas Corpus* in this Court challenging his post-removal-order detention. According to Adefemi, his detention has exceeded the "reasonably necessary" six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there is no likelihood of his removal from the United States within the reasonably foreseeable future.

While Adefemi's petition was pending before this Court, he sought to reopen his removal proceedings and to obtain a stay of his removal. Govt.'s Ex. 1. On January 24, 2006, the BIA granted Adefemi's request for a stay pending consideration of his motion to reopen proceedings. Govt.'s Ex. 2. The next day, the Consulate General of Nigeria, acting on an earlier request from the Government, issued a travel document for Adefemi's return to Nigeria. Govt.'s Ex. 3. This travel document could not be used only because of the stay that the BIA issued on January 24.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*[1], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order

---

[1] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Adefemi has not been removed because he filed a motion on January 5, 2006, to reopen his case. On January 24, 2006, shortly after filing his motion, Adefemi received a stay of removal "pending decision on the motion and the adjudication of any properly filed administrative appeal." 8 C.F.R. §1003.23(b)(iii)(2)(C). Should the Immigration Court reopen Adefemi's immigration case, the order of removal issued against him would no longer be final and the presumptive six-month period under *Zadvydas* would not apply. If the Immigration Court denies Adefemi's request to reopen his proceedings, Adefemi's removal will become reasonably foreseeable because it was imminent on January 25, 2006, when the Consulate General of Nigeria issued a travel document for Adefemi's return to Nigeria, and there is no reason to believe that a new travel document could not be obtained within a reasonable period after the stay is lifted.
Because Adefemi's removal was delayed through his own actions, his continued detention is proper. *See* 8 U.S.C. § 1231(a)(1)(C) (removal period may be extended and detention continued if removal is delayed through alien's own actions).

In addition, the lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Adefemi has presented no such reason.

Because Adefemi's removal has been delayed by his own action, and because there is a significant likelihood of his removal in the foreseeable future should the BIA deny his motion to

reopen proceedings, it is recommended that his petition and amended petition be **DISMISSED without prejudice**, and that his motion for a preliminary injunction be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of March, 2006.

H:\Habeas\05-1861.030706.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE